**In re Anonymous No. 125 D.B. 92**

Disciplinary Board Docket no. 125 D.B. 92.

*Hearing Committee,* November 17, 1993—

## I. PROPOSED FINDINGS OF FACT

(1) Petitioner, Office of Disciplinary Counsel, whose principal office is located at Suite 400, Union Trust Building, 501 Grant Street, Pittsburgh, Pennsylvania, is invested, pursuant to Rule 207 of the Pennsylvania Rules of Disciplinary Enforcement, Pa.R.D.E., with the power and the duty to investigate all matters involving alleged misconduct of an attorney admitted to practice law in the Commonwealth of Pennsylvania and to prosecute all

disciplinary proceedings brought in accordance with the various provisions of the aforesaid Rules.

(2) Respondent, [    ], Esquire, was born in 1937, was admitted to practice law in the Commonwealth of Pennsylvania in 1979, and his residence is located at [    ]. Respondent is subject to the disciplinary jurisdiction of the Disciplinary Board of the Supreme Court.

(3) On December 18, 1992, the Supreme Court of Pennsylvania entered an order directing that, as a result of respondent having been convicted in the Court of Common Pleas of [    ] County, this matter be referred to the Disciplinary Board pursuant to Rule 214(f), Pa.R.D.E.

(4) On April 29, 1992, a five count information was filed in the Court of Common Pleas of [    ] County at no. [    ] C.D. 1992.

(a) Count 1 of the information charged respondent with failure to make required disposition of funds received.

(b) Counts 2 and 3 of the information charged respondent with willful failure to file sales tax returns.

(c) Counts 4 and 5 of the information charged respondent with willful failure to remit sales tax.

(5) On September 21, 1992, respondent pled guilty to Counts 2 and 4, failure to file a sales tax return and failure to pay sales tax for the month of October 1989. Respondent agreed to make restitution in the amount of $67,147.42, which amount was paid at the time of sentencing. The other counts in the information were dropped by the Commonwealth.

(6) On September 21, 1992, respondent was sentenced to 12 months probation, a $500 fine, and the costs of prosecution.

(7) The aforesaid conviction of respondent constitutes an independent basis for discipline, pursuant to Rule 203(b)(1), Pa.R.D.E.

(8) The federal civil docket would reveal two civil matters, *[A] v. The United States of America, USA v. [respondent]*, third party defendant [   ] and *[B] v. The United States of America, USA v. [respondent]* third party defendant [   ], both of which join respondent as a third party defendant regarding an action to recover federal employment tax allegedly erroneously or illegally assessed and collected. These two matters are still pending.

(9) A review of the civil docket in the Commonwealth of Pennsylvania would reflect a matter captioned *Commonwealth of Pennsylvania v. [respondent], Individual and as President of [C] Company*, no. [   ] reflecting a tax lien against respondent in the amount of $969.44. This lien is in regard to EMT tax, *i.e.,* employer tax on total gross income.

## II. PROPOSED CONCLUSIONS OF LAW

(1) The sole issue presented for determination to the Hearing Board is the type of discipline which the Hearing Board feels is appropriate, considering respondent's criminal conviction for the failure to pay Pennsylvania sales tax for a business in which he was the principal. This failure occurred in one month, *i.e.,* October 1989.

(2) The Hearing Board concludes that the respondent violated Rule 203(b)(1) of Pa.R.D.E.

(3) A conviction for failure to file and/or failure to remit sales tax, particularly where the respondent has obtained no financial benefit from this act, is treated differently and less harshly than when there is a failure

to file and pay personal income tax. *In re Anonymous No. 8 D.B. 76,* 4 D.&C.3d 381 (1977); *In re Anonymous No. 53 D.B. 81,* 21 D.&C.3d 673 (1982).

(4) The Hearing Board finds that the offense committed by the respondent did not involve moral turpitude, dishonesty, fraud, deceit, misrepresentation or conduct prejudical or detrimental to the administration of justice.

(5) The board finds that there are a substantial number of mitigating circumstances which would warrant the board recommending that the appropriate discipline in this case be that of private discipline in the form of an informal admonition. Some, but not all, of the mitigating circumstances include:

(a) There was no other evidence that the respondent violated any other rule of law and/or of the rules of discipline;

(b) The respondent promptly made full restitution of the sales tax which was not paid in October 1989 when sentence was imposed by the Court of Common Pleas of [    ] County;

(c) The respondent has incurred a very substantial economic loss in addition to and separate and apart from the within proceedings as a consequence of his involvement in the business which failed to pay the sales tax; and

(d) There is no indication that the respondent is engaged in any type of pattern of activity which would involve the violation of the Pennsylvania Disciplinary Code and/or the law controlling his business activities.

### III. DISCUSSION

The respondent, [    ], pled guilty to two charges of failing to pay sales tax, as required by the controlling

Pennsylvania law. The sales tax was due from a company that respondent had assumed a position of a principal and/or a managerial position. The failure to pay the sales tax was a lack of available funds to this corporation. At the time of sentencing by the Court of Common Pleas of [    ] County, the respondent made full restitution of the sales tax that was due and owing as a consequence of this violation ($67,147.42.)

There is no evidence that the respondent engaged in any similar type of activity prior to October 1989 and/or after October 1989. The offense involved did not involve moral turpitude, dishonesty, fraud, deceit, misrepresentation or conduct prejudicial to the administration of justice. For all the reasons set forth above, there are a substantial number of mitigating circumstances which would warrant the Hearing Board recommending that the appropriate discipline be that of private discipline in the form of informal admonition, which is what the Hearing Board unanimously recommends.

## RECOMMENDATION

For the reasons set forth in the proposed findings of fact, proposed conclusions of law and the attached discussion, the Hearing Board unanimously recommends that the respondent be given private discipline in the form of an informal admonition.

## ORDER

And now, December 3, 1993, the report and recommendation of Hearing Committee [    ] filed November 17, 1993, pursuant to section 89.181 of the Disciplinary Board Rules, is accepted, and there being no exceptions

filed; it is hereby ordered that the said [respondent] of [    ] County be subjected to informal admonition by Disciplinary Counsel as provided in Rule 204(a)(6) of the Pennsylvania Rules of Disciplinary Enforcement. Costs are to be paid by the respondent.